**CHIEN MING HUANG, Appellant,**

v.

**TZU WEI CHEN FOOD CO. LTD., Appellee.**

**TZU WEI CHEN FOOD CO. LTD., Appellant,**

v.

**CHIEN MING HUANG, Appellee.**

Nos. 87–1419, 87–1495.

United States Court of Appeals, Federal Circuit.

June 21, 1988.

---

**48.** *Hybritech,* 4 USPQ2d at 1015.

**49.** *See Smith Int'l,* 718 F.2d at 1581, 219 USPQ at 693.

**50.** *See Datascope,* 786 F.2d at 401, 229 USPQ at 43.

Martin Abramson, Pollack, Vande Sande & Priddy, Washington, D.C., argued for appellant.

John R. Moses, Millen & White, P.C., Arlington, Va., argued for appellee.

Before NEWMAN, ARCHER, and MAYER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

The Trademark Trial and Appeal Board of the United States Patent and Trademark Office refused registration of the trademark HEI CHIAO on the ground that the application was not filed by the owner of the mark, and on this basis dismissed the opposition that had been filed by Tzu Wei Chen Food Co.[1] We affirm the dismissal, and vacate the other aspects of the Board's decision.

### *Appeal No. 87–1419*

Chien Ming Huang, an individual, filed through counsel an application for registration of the trademark HEI CHIAO (translated as "Black Bridge") for prepared pork and meat products. The application was accompanied by a letter of transmittal to the Patent and Trademark Office (PTO) dated April 27, 1982, received by the PTO on May 3, 1982 (a Monday). Chien Ming Huang had earlier applied for incorporation in the state of Iowa; this application was granted effective Saturday, May 1, 1982. It was agreed by both sides to this action and by the Board that, in accordance with the terms of incorporation, ownership of the trademark HEI CHIAO passed on May 1 to the newly formed corporation, Chia–Chi Enterprises, Inc. That is, ownership of the mark was acquired by the corporation between the time of execution of the application for registration by Chien Ming Huang, and receipt of the application by the PTO.

The Lanham Trademark Act, 15 U.S.C. § 1051, provides as follows (emphasis added):

> The *owner* of a trademark used in commerce may register his trademark under this chapter ...
>
> (a) By *filing* in the Patent and Trademark Office—
>
> (1) a written application....

Relying on the statute, and the provision in 37 C.F.R. § 2.21 that the filing date is the date of receipt in the PTO, the Board held that the application was void *ab initio* because the applicant Chien Ming Huang was not the owner of the mark on the filing date.

---

1. *Tzu Wei Chen Food Co. v. Chien Ming Huang,* d.b.a. *Chia–Chi Enterprises,* Opposition No. 69,-071 (TTAB April 6, 1987).

Appellant [2] points out that the purpose of the provision requiring that the application be filed by the owner is to protect the actual owner against unauthorized attempts at registration, and protests that to enforce this provision against the actual owner is to entrap the actual owner in a technicality unintended by the statute. Appellant also argues that it is "an unreasonable restraint on the transferability of trademark rights" to require that the application be filed in the name of the actual owner, when there is no dispute as to ownership.

Appellant states that the attorney who filed the trademark application reasonably assumed that ownership not only of the trademark but its application for registration was routinely transferred from Chien Ming Huang to the corporation. Counsel stated that they have been unable to perfect the assignment of the application because Mr. Chien has moved to Taiwan and they are unable to contact him.

■ Indeed, appellant is correct that title to the trademark passed upon incorporation. The Board has held that "[n]either a formal assignment nor recordation of an assignment in the Patent and Trademark Office is necessary to pass title or ownership to common law or statutory trademark rights." *American Manufacturing Co. v. Phase Industries, Inc.*, 192 USPQ 498, 500 (TTAB 1976); *see also Diebold, Inc. v. Multra–Guard, Inc.*, 189 USPQ 119, 124 (TTAB 1975). Further, a change of ownership during pendency of an application for registration need not be recorded with the PTO; and the Manual of Trademark Examining Procedure § 501.09(a) acknowledges that although "it is desirable", it is not required that the registration issue in the name of the new owner. Appellant is also correct that just as ownership of a trademark can be transferred, so can its application for registration. The statute requires only that the application be filed in the PTO by the owner.

No authority has been cited for excusing noncompliance with 15 U.S.C. § 1051. Neither the Board nor the courts can waive this statutory requirement. The question before us is not whether the PTO record designation of ownership could be corrected, or whether such correction could be effective *nunc pro tunc*, because there has been no attempt at correction. The ownership of the trademark was not changed on the records of the PTO, either after the filing of the application, or during challenge by the opposer, or by the time of oral argument before this court. (On August 9, 1983 the trademark application was amended to describe the applicant as doing business as Chia–Chi Enterprises, but no reference was made to the corporate succession in ownership.)

■ Thus we need not decide whether, under the unusual circumstances of this case, the Commissioner in his discretion could have allowed correction. The application had been examined, deemed registrable, and published for opposition, all in the name of an applicant who was not the owner of the trademark at the filing or at any time during pendency of the application. *See Holiday Inn v. Holiday Inns, Inc.*, 534 F.2d 312, 319, n. 6, 189 USPQ 630 (1976) ("One must be the owner of a mark before it can be registered.")

We affirm the Board's holding that the application for registration is void for failure to comply with Section 1 of the Lanham Act.

### Appeal No. 87–1495

The Board had made rulings on other grounds that were presented in opposition to the registration, on which a cross-appeal has been filed by the opposer Tzu Wei Chen Food Co., Ltd. In view of our dispositive holding, the Board's rulings on other grounds are vacated.

AFFIRMED IN PART, VACATED IN PART.

2. The appellant is nominally Chien Ming Huang, but appears to be Chia–Chi Enterprises, Inc., the owner of the trademark.